## GILLAN v. METCALF et al.

There is no conclusion of fraud, springing from the want of consideration, in a deed, which will enable a stranger to attack it, though it is a circumstance, among others, from which fraud may be inferred.

Where the Court below, sitting as a jury, found that a sale was not made in good faith, and was without consideration, but failed to find, as a fact, a *fraudulent intent*, and entered judgment accordingly, in favor of a subsequent purchaser : *Held*, to be error.

APPEAL from the District Court of the Fourteenth Judicial District, in the county of Sierra.

This was an action of ejectment, brought to recover the possession of certain mining-claims. By consent of parties, the testimony was taken before a referee, upon which the Court, sitting as a jury, found the facts and conclusions of law, as follows :

"In 1853, the plaintiff in this suit, and one Scanlan, were owners in a mining company, at Chips Flat, Sierra county, known as the Wilkinson Company, Scanlan being the owner of one and one-half shares; and in the month of December, of that year, Scanlan sold his interest to the plaintiff herein, as is alleged, in the bill of sale, for a consideration of eighteen hundred dollars.

The sale was made for the purpse of enabling Scanlan to become a witness, in a suit then pending, or about to be brought. Scanlan was at the time indebted to plaintiff, in the sum of fifty to sixty dollars. I find that the sale was not made in good faith, and was without consideration. Subsequent to such sale, Scanlan sold the same interest to other parties, under whom defendants in this suit hold, as innocent purchasers, for a valuable consideration, and they, and those under whom they hold, have been in possession since the spring of 1854. Patrick Gillan appears, at one time, to have paid an assessment on the claim, but whether or not he was ever in possession, I cannot accurately determine. From the above facts, I conclude the defendants are entitled to judgment against plaintiff, for the costs of this suit. Judgment accordingly ordered."

Plaintiff appealed.

*Dunn & Meredith* for Appellant.

The fact that the conveyance was based upon a consideration, though it was small, and though the want of consideration we hold immaterial, in this case is clearly proven.

Defendants do not allege that the conveyance was fraudulent, and in bad faith; for a positive averment is required, in setting up such a plea, and that averment must be accompanied by the alleged character of creditor, or *bona fide* subsequent purchaser. Where there is no plea of fraud, the Judge could not find the conveyance *mala fide*, nor could he, in his findings, assign to defendants the position of creditors, or *bona fide* subsequent purchasers, both of which, in their answer, they had waived.

Fraudulent intent is a question of fact, " nor shall any conveyance, or charge, be adjudged fraudulent, as against creditors, or *bona fide* subsequent purchasers, solely on the ground that it was not founded on a valuable consideration." Comp. Laws, p 202, § 23.

*Stephen J. Field* for Respondents.

In considering the points taken by the appellant, it is to be observed that no motion was made in the Court below, either to correct or set aside its findings, or for a new trial. The facts found, therefore, are conclusive in this Court; the correctness of the findings, upon the evidence, not being a subject which this Court will examine. O'Connor *v.* Stark, 2 Cal., R. 153 ; Ingraham *v.* Gildemeester, 2 Cal. R., 483 ; Brown *v.* Graves, 2 Cal. R., 118.

MURRAY, C. J., after stating the facts, delivered the opinion of the Court.—BURNETT, J., concurring.

The finding is not sufficient to support the judgment. The first section of the " Act concerning Fraudulent Conveyances and

Contracts," passed April 19, 1850, provides that, "Every conveyance of any estate, or interest in lands, and every charge upon lands, or the rents and profits thereof, ¦made or created with the intent to defraud prior or subsequent purchasers, for a valuable consideration, of the same lands, rents, or profits, as against such purchasers, shall be void."

It will be observed, that this section provides that such conveyance must be made with the intent to defraud prior or subsequent purchasers. By the twenty-third section of the same act, it is provided, " that the question of fraudulent intent, in all cases arising under this act, shall be deemed a question of fact, and not of law; nor shall any conveyance or charge be adjudged fraudulent, as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration."

The finding of the Court that " the sale was not made in good faith, and was without consideration," is not sufficient to bring it within the statute, so as to enable the defendants to attack it. The sale would have been good between the parties, without any consideration whatever. So far as the question of good faith is concerned, we are at a loss to understand the exact meaning of the Court. If it was intended that the want of a consideration stamped the instrument as having been executed *mala fide*, it was error, unless it was shown that the instrument was intended to affect creditors or purchasers, and this fraudulent intent should have been found as a fact, by the Court.

There is no conclusion of fraud, springing from a want of a consideration, in a deed, which will enable a stranger to attack it; and although it is a circumstance, among others, from which fraud may be inferred, still the party must bring himself within the statute. From this, it results, that this Court having failed to find the fact of a fraudulent intent, the decree is erroneous, and must be reversed.